UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TODD SQUIRE, *et al.*,

    Plaintiffs,

    v.

FIRST TENNESSEE BANK,

    Defendant.

Case No. C06-777RSL

ORDER GRANTING MOTION
TO STAY AND REMOVING
CASE FROM ACTIVE CASELOAD

    This matter comes before the Court on plaintiffs' motion to stay this case (Dkt. #18) until after the Supreme Court rules in Wachovia Bank, N.A. v. Watters, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006).  Oral argument was scheduled on that case on November 29, 2006.

    Defendant's defense in this case will be based primarily on its contention that plaintiffs' claims must be dismissed in their entirety because they are preempted by regulations of the United States Treasury Department, Office of the Comptroller of the Currency ("OCC"). Wachovia Bank, N.A. presents two issues: (1) whether the OCC exceeded its congressionally delegated authority by promulgating 12 C.F.R. § 7.4006, which expands the definition of "national bank" to include operating subsidiaries, and (2) whether the regulation violates the Tenth Amendment.

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 1

The Court has stayed three other related cases pending a decision in <u>Wachovia Bank, N.A.</u> However, unlike those cases, defendant in this case is not an operating subsidiary. Instead, it is a national bank. Therefore, the issue of whether to stay this case is a much closer call. In the end, the Court finds that even though this case does not involve an operating subsidiary, the Supreme Court's opinion in <u>Wachovia Bank, N.A.</u>, may nevertheless offer valuable guidance on the preemption issue in an area where the existing case law is relatively scant.

Furthermore, defendant does not oppose the motion. The delay in awaiting the Supreme Court's ruling is not likely to be protracted. Finally, once the case is stayed, defendant will not incur additional expenses defending the case. In contrast, if the Court decides the issue now in a manner that conflicts with the Supreme Court's ruling, both parties will be forced to incur additional and needless expenses.

For all of the foregoing reasons, plaintiffs' motion to stay the case (Dkt. #18) is GRANTED. The case shall be stayed until after the Supreme Court rules in the case of <u>Wachovia Bank, N.A. v. Watters</u>, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006).

It is hereby ORDERED that this action is stayed and shall be removed from the Court's active caseload until further application by the parties or order of this Court. The parties shall, within fifteen days of the Supreme Court's ruling in <u>Wachovia Bank, N.A. v. Watters</u>, submit a joint report in this case notifying the Court of the outcome of that case and requesting that the case be reopened.

DATED this 23rd day of January, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 2